MANSFIELD AND IVES, adm'rs., *vs.* TURPIN & CLEMENTS.

Under the Act of 23d February, 1857, giving to foreign executors, administrators and guardians, the right to sue in the Courts of Georgia, if a plaintiff suing in such character goes to trial, and closes his case without having shown that he had complied with the proviso to the act, requiring that he file, on or before the judgment term of the Court, an exemplification of his letters, he should, on motion, be non-suited. It is not necessary for the defendant to plead his failure to do so in bar of the action.

Assumpsit, in Sumter Superior Court. Tried before Judge ALLEN, at the October Term, 1860.

This was an action brought by the plaintiffs, John Mansfield and Frederick Ives, as administrators of Henry Ives, deceased, against Turpin & Clements, to recover the amount of an open account.

On the trial of the case, the plaintiffs introduced Turpin, one of the defendants, as a witness, who testified: "That he received the bill of goods charged and sued on, and that they were worth the prices charged; that he saw on the firm books a copy note for the amount, and across it, in his own handwriting, written "paid;" that he had corresponded with the intestate of the plaintiffs, and that said intestate resided at the time of his death in the State of Connecticut, and that he believed the plaintiffs did not reside in the State of Georgia."

Upon this testimony, the presiding Judge awarded a nonsuit against the plaintiffs, on the ground that a foreign administrator could not bring or maintain a suit in this State, without filing a copy of his letters of administration, and introducing them on the trial.

This decision is the alleged error in the record.

HAWKINS, for plaintiffs in error.

B. HILL (representing McCoy) for defendants in error.

Mansfield and Ives *vs.* Turpin & Clements.

*By the Court.*—JENKINS, J., delivering the opinion.

We hold that the judgment of the Court below, awarding a non-suit in this case, was correct.

Anterior to the Act of the 23d July, 1850, foreign executors and administrators had no status in the Courts of Georgia—could not institute suits to recover choses in action, or to enforce any right of their testators or intestates. That act removed the disability—conferred the right. But the Legislature, (as they had a perfect right to do,) imposed a condition on the privilege in the form of a proviso to the act, in these words : " *Provided,* said legal representatives shall, on or before the judgment term of the Court to which such suit or suits are brought, file in said Court a legally authenticated exemplification of his, her, or their letters of administration, to be used on the trial."

This is not required to be done at the filing of the declaration, nor at the appearance term. The defendant is required to plead, or answer, at the appearance term, and therefore is not required to plead the plaintiff's failure to comply with the proviso of the act.

If the plaintiff go to trial, at the judgment term, and close his case without showing that he has complied with the proviso, he does not bring himself within the operation of the act,—does not show that he is entitled to a judgment of the Court, and is therefore subject to a non-suit.

Judgment affirmed.