Turner *et al. vs.* Linam.

---

R. W. TURNER *et al.*, administrators, plaintiffs in error, *vs.* ELIZABETH LINAM, defendant in error.

1. Letters of administration granted in another state have no validity in this state except such as is imparted by the statutes of this State.

2. Therefore, an administrator appointed in Alabama, who institutes a suit in Georgia, must bring himself within sections 2614 and 2615 of our Code, the provisions of which sections prescribe the terms on which he may sue in our courts.

3. These sections prescribe that such administrator, pending the action, shall file in the clerk's office where the suit is brought " a properly authenticated exemplification of the letters of administration;" the filing therein of the exemplification of the order for the appointment of such administrator does not comply with the statutes of Georgia; the exemplification should be of the entire record of administration touching the letters, and particularly of the letters themselves, which letters, by the Code of Alabama, are required to be recorded in her courts of probate.

4. Where administrators appointed in Alabama seek to be made parties to a suit in Georgia, begun in the lifetime of the intestate, if they can be made parties at all to such suit, they can only be made such by a compliance with section 2615 of the Code; and if they do not so comply, no recovery can be had on a demise in ejectment in the name of their intestate, and a non-suit will be awarded.

Foreign administrators.　Administrators and executors. Exemplifications.　Ejectment.　Before Judge HOPKINS.　Clayton Superior Court.　March Term, 1875.

Reported in the opinion.

WILLIAM EZZARD; JOHN COLLIER, for plaintiffs in error.

ROBERT BAUGH, for defendant.

JACKSON, Judge.

This was an action of ejectment brought for the recovery of a lot of land in the county of Clayton.　Two demises were laid in the declaration; one in the name of Noel Turner, and the other in that of George W. Adair, executor of the last will and testament of Ephraim M. Pool, deceased.

On the trial the plaintiffs showed a grant from the state to Noel Turner.　Noel Turner died pending the suit, and an exemplification or certified copy of *an order* appointing certain parties administratrix and administrator upon his estate by a probate court in Alabama, was filed in the clerk's office under section 2615 of our Code and exhibited in proof on the

trial. There was no exemplification of *the letters* of administration filed in office, or exhibited on the trial. No proof at all of title in Adair or his testator was made. The court nonsuited the plaintiff, and that judgment is the error complained of.

The naked question for our adjudication therefore is, can an administrator appointed in Alabama be made a party to a suit brought in Georgia by his intestate by filing in the office of the clerk of the superior court an exemplified copy of the order of his appointment from the probate court of Alabama?

1. Letters testamentary or of administration have no validity beyond the limits of the state granting them, and suit cannot be brought within the jurisdiction of another state unless authorized by the statute law of the latter state: 5 *Georgia Reports,* 295; 24 *Ibid,* 370.

2. By section 2614 of our Code, if a person die domiciled in another state and letters are granted there and none are issued here, the administrator or executrix *may institute* his suit in any court of this state. The following section in our Code provides that pending the action a properly authenticated exemplification of the letters testamentary or of administration shall be filed with the clerk of the court to become a part of the record: Code, section 2615. The language of section 2614 of the Code is " may institute his suit," and not " may be made a party to a suit already instituted." This case is not, then, within the letter of the statute, but as it may be covered by the reason and spirit of the act, we do not put our judgment upon this point.

3, 4. Conceding that a foreign administrator may be made a party to a pending suit under these sections of our Code, the question recurs, have these administrators complied with the terms imposed? The record shows that they have filed in this case only an exemplified copy of the order of appointment, and have not filed a properly authenticated copy of the letters granted them. By the laws of Alabama the letters of administration are recorded in the probate court, (Code of Alabama, section 2016,) and our statute requires an *exempli-*

*fication of those letters* to be filed here as part of the record. The administrators may have been dismissed or the letters revoked; therefore we think that the entire record of the probate court of Alabama, touching this grant of administration should have been shown, and an exemplification thereof should have been filed with the clerk. The title to this land is in the heirs-at-law of Turner, unless administration on his estate has vested it in an administrator for the benefit of creditors and heirs, and as the proof shows no grant of letters in Georgia, and as no properly authenticated exemplification of the letters granted in Alabama has been filed in the clerk's office of the court below, the plaintiff showed no title on which he could recover in ejectment, and the non-suit was properly awarded.

Judgment affirmed.