BUCK, administrator, *vs.* JOHNSON, administrator.

Without statutory permission foreign administrators have no standing in Georgia to enforce the rights of their intestates. By §§2,614 and 2,615 of the Code permission is granted to them to sue in the courts of this state on condition, that pending the action they will file a properly authenticated exemplication of their letters of administration. A failure to do so is good ground for a non-suit at the close of the plaintiff's case.

(*a.*) That a foreign judgment was recovered by one as administrator, and is conclusive of the fact of administration, will not avoid the statutory condition upon which foreign administrators are allowed to sue in the courts of this state.

Administrators and Executors. Non-suit. Judgments. Before Judge MERSHON. Wayne Superior Court. March Term, 1881.

Reported in the decision.

SYMMES & ATKINSON, by JACKSON & LUMPKIN; IRA E. SMITH, for plaintiff in error.

GOODYEAR, HARRIS & KAY, for defendant

SPEER, Justice.

G. W. Johnson, administrator upon the estate of James S. Clark, brought suit in the superior court of Wayne county against E. A. Buck, as administrator upon the estate of Edward Buck, deceased, to recover an amount he alleged to be due on a foreign judgment, alleged to have been rendered in Pitt county, state of North Carolina. No plea was filed by defendant to the suit. Plaintiff below, on the trial, offered in evidence a duly certified exemplication of the proceedings had and judgment rendered in North Carolina in favor of G. W. Johnson, administrator *de bonis non* of James S. Clark, deceased, against Edward Buck and G. W. Venter for the amount

sued for. To the introduction of this record defendant objected, which was overruled by the court. The plaintiff having closed his case, counsel for defendant moved a non-suit, on the ground that it appeared that plaintiff below had commenced his action in this case as a foreign administrator seeking to recover upon letters of administration granted to him in the state of North Carolina on the estate of his intestate who had died there, and that he had failed, pending the action, to file with the clerk of the court a properly authenticated exemplification of his letters of administration to become a part of the record, as required by sections 2614 and 2615 of the Code of this state, which motion the court overruled and defendant excepted.

Plaintiff having recovered a verdict, the defendant below made a motion for a new trial on various grounds, as set forth in the record, and among others alleging error in the court's refusing to sustain a non-suit of plaintiff's cause for the reason stated.

Code, section 2614, declares: "When a person at the time of his death is domiciled in another state, and administration is there regularly granted on his estate, either to an executor or administrator, such executor or administrator, if there be none appointed in this state, may institute his suit in any court in this state to enforce any right of action or recover any property belonging to the deceased or accruing to his representative as such."

The next section declares: "Pending the action a properly authenticated exemplification of the letters testamentary or of administration *shall be filed* with the clerk of the court, to become a part of the record, provided the cause is pending in a court of record."

Under these sections of the Code we think, before the plaintiff below was entitled to recover, he should have filed, as required by the statute, "an authenticated exemplification of his letters," and failing to do so, on closing his case, that defendant's motion to non-suit was

proper, and should have been sustained by the court below.

It is insisted by defendant in error that inasmuch as the judgment sought to be recovered on was in favor of *plaintiff as administrator*, that this was sufficient authentication of his representative character, and there was no need to produce evidence of that fact *aliunde.* The reply is, the statute has permitted these suits in behalf of foreign representatives to be instituted *on condition* that "a properly authenticated exemplification of the letters be filed," etc., and it is not for the courts to dispense with a condition that *the statute has imposed.* It is but an act of comity for the state to open its courts, so as to allow one clothed with power from a foreign authority to enter to assert the rights of his testator or intestate; having done so, it is not an unreasonable rule that she should require such foreign representative to produce properly authenticated evidence of the character in which he appears, for the safety and protection of its own citizens.

This view and construction of these sections of the Code are but a re-affirmance of like rulings, made by this court, on the same sections as found in 32 *Ga.*, 260, and 55 *Ga.*, 254.

Let the judgment of the court below be reversed.