## GREENFIELD *v.* McINTYRE *et al.*

1. Under the provisions of the code of this State, before heirs at law of a deceased intestate can recover land which had belonged to the estate of such intestate, they must allege and prove that there was no administration on the estate, or that the administrator, if there was one, assented to their bringing suit.

2. The best method of proving that no administration was ever had upon a particular estate is to introduce the evidence of the ordinary, or of another who has examined the records in the court of ordinary where letters of adminis-

tration should have been granted, that no such letters are shown by those records.

3. Where a person owning land died, and, several years thereafter, such land was levied on and sold for city taxes, in a suit to recover the land by the heirs of the deceased person against the purchaser at the tax sale, in which the latter relies as a defense upon the tax deed, he and the heirs claim under a common source of title, although the tax sale was void.

4. Such purchaser can not, in aid of his defense, set up an outstanding title in another without connecting himself with that title.

5. Where complaint for land is brought by tenants in common who sue jointly and severally, those who show sufficient title may recover in that action although others who show no such title do not recover.

Argued January 8, — Decided January 28, 1901.

Complaint for land. Before Judge Lumpkin. Fulton superior court. May 24, 1900.

*E. M. & G. F. Mitchell,* for plaintiff in error.
*D. W. Rountree,* contra.

SIMMONS, C. J. From the record it appears that Rachael Taylor died in July, 1885, leaving four children, to wit, Mrs. McIntyre, Mrs. Linton, Mrs. Vickers, and Mrs. Jones. Subsequently to the death of Mrs. Taylor, Mrs. Vickers and Mrs. Jones died. Mrs. Vickers was a widow at the time of her death, and left surviving her but one child, Charles Vickers. Mrs. Jones left surviving her a husband, but no child or children. Mrs. McIntyre, Mrs. Linton, Charles Vickers, the only heir of Mrs. Vickers, and Jones, the only heir of his wife, brought an action of complaint for land against Greenfield. They alleged, that they were the only heirs at law of Mrs. Taylor; that she died seized and possessed of a certain tract of land in the City of Atlanta, Georgia, to which land they claimed title jointly and severally; that Greenfield was in possession and refused to surrender it to them; and that, five years after the death of Mrs. Taylor, the municipal authorities of the City of Atlanta had levied on and sold the land as the property of Mrs. Taylor, for taxes due by her thereon, and that Greenfield claimed by virtue of this sale. They alleged that the levy and sale were illegal, because Mrs. Taylor was dead at the time, and that therefore Greenfield had no title. Greenfield defended, and claimed the land under a deed made to one Richardson by the marshal of the City of Atlanta, and under three deeds made to Greenfield by persons who claimed under Richardson. The plaintiffs introduced in evidence a chain of

title commencing with a grant from the State to one Wise, and continuing from him through different purchasers to Mrs. Taylor. Greenfield introduced the deeds under which he claimed. After the close of all the evidence, argument, and charge of the court, the jury returned a verdict in favor of the plaintiffs. The defendant moved for a new trial; his motion was overruled, and he excepted.

1. At the close of the plaintiffs' evidence, the defendant moved for a nonsuit on several grounds, among which was that the plaintiffs had failed to show that there was no administration on the estate of Mrs. Taylor, or that they were entitled to bring suit for the land, contending that such proof was a necessary prerequisite to the plaintiffs' right to recover. The judge refused the nonsuit, holding that "heirs may sue and recover without proving, as a part of their case, that there is no administrator." We are of opinion that, under the facts disclosed by the record and the law as we understand it, the nonsuit should have been granted upon this ground. The Civil Code of this State contains the following sections which bear upon this question:

"§ 3081. An absolute or fee-simple estate is one in which the owner is entitled to the entire property, with unconditional power of disposition during his life, and descending to his heirs and legal representatives upon his death intestate. Realty descends directly to the heirs, subject to be administered by the legal representative, if there be one, for the payment of debts and the purposes of distribution. If there be a legal representative, the right to recover it is in him; if there be none, the heirs may sue in their own name."

"§ 3353. Upon the death of the owner of any estate in realty, which estate survives him, the title vests immediately in his heirs at law. The title to all other property owned by him vests in the administrator of his estate for the benefit of the heirs and creditors."

"§ 3357. Upon the appointment of an administrator, the right to the possession of the whole estate is in him, and so long as such administrator continues, the right to recover possession of the estate from third persons is solely in him. If there be no administration, or if the administrator appointed consents thereto, the heirs at law may take possession of the lands, or may sue therefor in their own right."

Construing these sections together, we think that, if there be an administrator, the right to sue for land is clearly in him. The lat-

ter clause of section 3081 expressly declares that this is true, but provides that the heirs may sue where there is no administrator. Under section 3353, the title to the realty of a deceased intestate vests immediately in his heirs, but section 3081 provides that such realty shall be subject to be administered for the payment of debts and for distribution; and section 3357 declares that, upon the appointment of an administrator, the right to recover the estate from third persons "is solely in him." Heirs are, by the last-mentioned section, allowed to sue for the lands in their own right in those cases only in which there is no administration or in which the administrator appointed consents to the suit. These sections put the right to collect the estate, real and personal, and to recover it from third persons, primarily in the administrator. Heirs can recover land under certain conditions only, as where there is no administration, or where the administrator consents to the suit. It would therefore seem that, as plaintiffs in ejectment have to show their right to recover, it is incumbent on heirs who sue as such for realty which belonged to their ancestor to allege and prove that the requisite conditions exist in their case. The code would seem to make this a necessary precedent to a recovery by them; and where they fail to show the existence of the conditions under which alone they can recover, they fail to make out a case, even prima facie, and should be nonsuited. An examination of the older codes of the State, and of the acts on which these code sections are based, suggests no reason for putting upon these sections a construction different from that given above,—a construction which is strongly suggested, if not demanded, by the language used. Nor have we been able to find any decision of this court directly upon this question, either before or since the adoption of the code. We have read with much interest the opinion of the learned judge who tried this case below, and have examined the cases cited by him. In none of them was this identical question raised. This court has, in many cases cited by him, held that heirs can recover lands, but in none of the cases so holding was the question raised as to whether they have to show, as a necessary prerequisite to maintaining their action, that the administrator consented to the suit or that there was no administration. The case of *Carruthers* v. *Bailey*, 3 *Ga.* 105, only holds that the heirs can recover lands which belonged to their ancestor. The ruling was there made upon a demurrer based on the ground that in this State heirs can

not maintain ejectment and such suits must be brought by the personal representative.    It was held that the demurrer should have been overruled, for the reason that heirs may recover in ejectment in this State.   No ruling was made as to what proof the heirs should make before they could recover, and no such question was involved in the case.    The other cases relied on are similar in this respect to the one just cited.    We have been able to find no case in which this question was made and passed upon, and must follow the law as it seems to us to be laid down in the code.    In the case now under consideration the suit for the land was brought by two of the daughters who were living at the time of Mrs. Taylor's death and the only heirs of the other two daughters.    It was not shown that Mrs. Taylor's administrator had consented to the suit, or that there was no administration on her estate.    Nor were any of these things shown with reference to the two deceased daughters and the right of their heirs to maintain a suit for the interest of such deceased daughters.    We think, for these reasons, that the plaintiffs failed to make out their case, and that the judge erred in refusing to award a judgment of nonsuit.

2. The plaintiffs seem to have taken the view of the law above expressed; for they alleged in their petition that there was no administration on the estate of Mrs. Taylor, and they also undertook to prove this allegation.    They sought to do this by a witness who testified that he thought that no administrator had been appointed, because the land had been divided up by the heirs, and because of other matters which he stated.    We think the better method of proving that no administration has ever been had upon a particular estate is to show it by the evidence of the ordinary, or of some other person, that he has examined the records of the ordinary's office of the county in which the letters of administration should have been taken out, and that the records do not show that such letters were ever granted.    Mrs. Taylor appears to have died in Thomas county, and the plaintiffs should have offered evidence that that was the county of her residence, and that the records in the office of the ordinary of that county did not show that any letters of administration were ever granted upon her estate.    See, in this connection, Hines v. Johnston, 95 Ga. 629.    Similar proof should have been made with respect to the two deceased daughters.

3. The plaintiffs in their declaration alleged that Greenfield, the

defendant, claimed under Mrs. Rachael Taylor, the plaintiff's ancestor. By their evidence they showed a fi. fa. for city taxes, issued against Rachael Taylor, for the year 1890; a levy and sale in that year, of the property in dispute, as the property of Rachael Taylor; purchase at the sale under such fi. fa. by one Richardson; a deed from Richardson to a building and loan association, and a deed from that association to Greenfield; a deed, executed in 1894, by the sheriff of Fulton county, to Greenfield, reciting that the property in dispute was sold to Greenfield as the property of Richardson, under and by virtue of an execution against the latter; and also a deed from Richardson to Greenfield. This evidence was to show that Richardson held the land and claimed the title thereto under Mrs. Taylor, and that Greenfield, all of whose claims to the land were derived from Richardson, claimed under the same source. It was contended by the defendant that, inasmuch as the city authorities had levied their tax execution against Mrs. Taylor some five years after her death, and inasmuch as the fi. fa. was issued in personam against her, the sale was void and gave Richardson no title, and, therefore, it could not be said that he was claiming under the plaintiffs' ancestor. We can not agree with him in this contention. If he does not claim under the tax sale to Richardson, he is a mere intruder. Moreover his contention itself is not sound. Although the tax sale may not have been valid, yet he entered under the tax deed to his grantor and claimed title under that deed. Although the tax sale and deed were made after the death of Mrs. Taylor, yet the execution was against her and sold her interest in the property, and the defendant, entering by virtue of the sale, must be regarded as holding under her. In the case of Burns *v.* Goff, 79 Tex. 236, 14 S. W. Rep. 1009, it was said: "If a defendant claims through a purchase under execution against a plaintiff, the sheriff's deed may not, from some cause, pass the title; yet such a deed will be sufficient evidence of common source. . . A void tax-deed purporting to evidence the sale of land as the property of an owner named may be used to show the claim of title by a defendant, when sued by some one claiming from the same source." This was cited with approval by the Supreme Court of the United States in Cox *v.* Hart, 145 U. S. 376, 385. The same principle was decided in *McLendon* v. *Horton*, 95 *Ga.* 54. It is clear from these authorities, and those on which they are based, that Green-

field and the plaintiffs claim the land involved in the present case under a common source of title.

4. It appears from the record that in the plaintiffs' chain of title is a deed, made in 1857, by Thrasher to Ponder. This deed was duly recorded. During the trial the defendant offered in evidence a deed from Thrasher to one Means, made in 1858, and duly recorded. No effort was made to connect the defendant therewith, and, upon objection, this deed was excluded by the court. Exception to this ruling was taken, and raises a question which has been frequently discussed by courts and text-writers. Where the plaintiffs and defendant claim under a common source of title, can the defendant show an outstanding title better than that of the common grantor, without connecting himself with that better title? The general rule is that a defendant who bona fide claims the title or right of possession of the land in dispute can defend by showing an outstanding title better than that of the plaintiff. The plaintiff must recover on the strength of his own title, and if the defendant can show a better title in a third person, the defendant should prevail. Whether he has title or not, he can hold the land until he is ousted by the true owner. There is, however, an exception to this rule, made for convenience, that where the parties claim under a common source, it is unnecessary for the plaintiff to show the title into such source. As long as the defendant claims exclusively under the common grantor, he can not show an outstanding title in a third person, for he is estopped to deny the title of him under whom he claims. Of course, where he finds the title of the common grantor defective, he may buy up the better title. And the defendant may set up another and better title than that of the common source, in any case where he claims also under that better title and shows his connection with it. By the great weight of authority, however, he can not set up another and better title than that of the common grantor, under whom he and the plaintiff claim, unless he connects himself with that better title. In the case of *Fletcher* v. *Horne*, 75 *Ga.* 134, Jackson, C. J., in discussing this question, said (p. 138): "Holding under a common grantor, neither side can attack his deed or that of his feoffors. They must both bow to that title, because both branch out from that root." In the opinion in the case of *Richards* v. *Railway Co.*, 106 *Ga.* 647, Mr. Justice Lewis said: "The weight of authority is to the effect that such outstanding title can not be shown where the plain-

tiff and defendant claim under the same original grantor, and where the defendant fails to connect himself with such outstanding title." That this statement is fully sustained, see 10 Am. & Eng. Enc. L. (2d ed.) 493, and cases there cited; Gilliam *v.* Bird, 8 Ired. Law, 280, 49 Am. Dec. 379, and note; Doyle *v.* Wade, 23 Fla. 90, 11 Am. St. Rep. 334; Newell, Ej. 579–581; 2 Gr. Ev. (16th ed.) § 307; Bigelow, Estoppel (5th ed.), 346, and cases cited.

5. The plaintiffs in the present case had filed a suit for this land in 1897, which was in time to prevent the ripening of a prescriptive title, as against them, in the defendant. That suit was dismissed, and the present suit brought within six months from the time of the dismissal, this suit being a renewal of the first. On the trial the defendant sought to show that Jones, one of the plaintiffs, did not authorize the bringing of the first suit, and that it, therefore, did not prevent the running of prescription as against his interest. The judge charged the jury that the three other plaintiffs were entitled to recover, and that Jones's right to recover depended upon whether he had authorized the bringing of the first suit. This charge was excepted to, on the ground that where tenants in common bring a suit to recover land, none of them can recover unless all do so. This is true where the suit is brought jointly, but an examination of the petition in the present case shows that it was brought jointly and severally. The law is well settled that, where two or more persons sue for land jointly and severally, one showing title may recover although the others do not. Where the suit is joint, all must show title before there can be any recovery, and if one fails to make out his case none can recover. *De Vaughn* v. *McLeroy,* 82 *Ga.* 687, 713. Where, however, the suit is joint and several, the plaintiffs who make out their case may recover without regard to the right of the others. We think, therefore, that there was no error in the charge to which exception was taken.

*Judgment reversed. All the Justices concurring.*