TAYLOR, administratrix, *v.* McKEE, administratrix.

1. In a suit brought by a foreign administrator in this State, if a properly authenticated exemplification of his letters of administration be filed with the clerk of the court pending the action, such filing is in time.
2. After the filing of such exemplification pending the action, it is admissible in evidence, though not accompanied by an exemplification of the pleadings and the judgment in the proceeding appointing the plaintiff administrator.
3. Where special letters of administration are presented, limiting the power of the administrator to specific property of the estate of the intestate, his power will not be extended beyond his letters.
4. Before a foreign administrator can institute a suit in this State, it must appear that his intestate, at the time of his death, was domiciled in the State where the letters of administration were granted, and that no administration has been granted in this State.

Argued October 20, — Decided November 11, 1904.

Complaint on note.　Before Judge Felton.　Bibb superior court.　February 17, 1904.

*Davis & Turner*, for plaintiff in error.
*Clyde L. Brooks* and *John R. Cooper*, contra.

FISH, P. J.　Margaret G. McKee, as foreign administratrix of James Y. McKee, brought suit against Julia C. Taylor, as administratrix of Job E. Taylor, to recover the amount due on a promissory note given by defendant's intestate to James Y. McKee, and to set up a special lien on certain described land, alleged to have been conveyed by defendant's intestate to plaintiff's intestate to secure the payment of the note.　The defendant filed pleas denying that the plaintiff was the administratrix of James Y. McKee, and setting up usury in the note sued on, and that the deed was void therefor.　On the trial, plaintiff put in evidence the note sued on, the security deed referred to in the petition, and tendered a properly authenticated exemplification of letters of administration issued by the probate court of Centre county, Pennsylvania, reciting that, " Whereas James Y. McKee lately

died intestate (as is affirmed), having whilst he lived, at the time
of his decease, divers goods and chattels, rights and credit within
said county, by means whereof the deposition and power of grant-
ing letters of administration thereof is manifestly known to
belong to me," the register of said court, and granting to plaintiff,
Margaret G. McKee, "full power  .  .· to administer the goods
and chattels, rights and credits, which were of said deceased,
within the said county; as also to ask, collect, levy, recover, and
receive the credits whatsoever of the said deceased, which at the
time of his death were owing or did in any way belong to him."
The letters further declared that Margaret G. McKee was thereby
"ordained and constituted administratrix of all and singular the
goods and chattels, rights and credits, which were of the said
deceased, within the limits aforesaid."    Accompanying the letters
of administration and annexed thereto were properly authen-
ticated copies of the bond and oath of Margaret G. McKee as
administratrix.    The defendant objected to the exemplification
of the letters of administration going in evidence, on the ground
that such exemplification had never been filed in the clerk's office
where the suit was pending.    Plaintiff then withdrew the tender
of the exemplification, had the clerk to then and there file the
same in his office and to enter the filing thereon, and then re-
offered the exemplification in evidence.    It was admitted in evi-
dence, over various objections of the defendant.    No evidence
having been introduced by the defendant, the court directed a
verdict for the plaintiff, in her representative capacity, for the
principal and interest due on the note, and attorney's fees, and
setting up a special lien for the same on the land conveyed in
the security deed; and judgment was entered accordingly.    The
defendant excepted to the ruling of the court in admitting the
exemplification in evidence over her objections, and to the direc-
tion of the verdict.

1. The objection that the exemplification was not filed in the
clerk's office before the judgment term was not meritorious, since
the Civil Code, § 3522, provides, as to suits brought in the courts
of this State by foreign administrators, that "pending the action,
a properly authenticated exemplification of the letters testamen-
tary or of administration, shall be filed with the clerk of the court,
to become a part of the record: *Provided,* the cause is pending

in a court of record. If it be a summary process, the exemplification shall be filed with the papers." In the present case, the exemplification was filed "pending the action;" which is all that the statute requires. The act of 1850 required the exemplification to be filed "on or before the judgment term of the court to which such suit" was brought. Cobb's Dig. 341. There is nothing ruled in *Mansfield* v. *Turpin*, 32 *Ga.* 260, that conflicts with what we now hold; for there it was merely decided that a nonsuit was properly granted in an action brought in this State by foreign administrators, when no exemplification of their letters of administration was filed with the clerk and introduced in evidence on the trial.

2. After the properly authenticated letters of administration had been filed with the clerk of the court, pending the action, they were not inadmissible in evidence because unaccompanied by an exemplification of the pleadings and the judgment in the proceeding appointing the plaintiff administratrix. The above-quoted section of the Civil Code requires only that " a properly authenticated exemplification of the letters . . of administration shall be filed with the clerk of the court, to become a part of the record." It is true that, under the Civil Code, § 3318, before a foreign executor will be authorized to sue in the courts of this State, he must file with the court a certified copy of the proceedings by which the will was probated, etc., but there may be good reasons for requiring this which do not apply in the case of an administrator, as the will defines the power of the executor to act, while in the case of an administrator the law fixes his powers. At any rate, it is sufficient that the statute does not make the same requirement in the case of a foreign administrator suing in this State as it does in the case of a foreign executor who brings suit in Georgia. In the case of *Turner* v. *Linam*, 55 *Ga.* 253, cited by counsel for plaintiff in error, the only question involved was, whether an administrator appointed in Alabama could be made a party to a suit brought in Georgia by his intestate, upon filing in the office of the clerk of the court in which the suit was pending an exemplified copy, from the probate court in Alabama, of *the order* appointing him. The court decided that as the statute requires an exemplification of the letters of administration to be filed as part of the record, the mere filing of a certified copy of

the order of appointment would not authorize the making of the
foreign administrator a party.    It is true that, in this connection,
Judge Jackson, who delivered the opinion, said:  "The adminis-
trator may have been dismissed or the letters revoked; therefore
we think that the entire record of the probate court of Alabama,
touching this grant of administration, should have been shown,
and an exemplification thereof should have been filed with the
clerk."  But the question whether an exemplification of the whole
proceeding in the Alabama probate court should be filed was not
in the case, and therefore what the learned judge said as to the
necessity for filing such an exemplification was merely obiter.   ·

3. The other objections to the admissibility in evidence of the
exemplification of the letters of administration, in so far as they
need be passed on, may be treated in considering the assignment
of error upon the direction of the verdict.   The petition begins as
follows:   "The petition of Margaret G. McKee, administratrix
of the estate of Jas. Y. McKee, shows as follows:   1st. That
James Y. McKee is dead, and that on the 5th day of January,
1892 [changed by amendment to May 1, 1892], letters of admin-
istration were issued in due and legal form to Margaret G. Mc-
Kee."    The allegations of this paragraph are not referred to else-
where in the petition; and the defendant, in her answer, denied
that the plaintiff had been appointed administratrix of the estate
of James Y. McKee.    The plaintiff claimed to be the foreign
administratrix of James Y. McKee and sought to recover in such
representative capacity alone, and endeavored to prove the fact
that she was the administratrix of James Y. McKee by filing and
introducing in evidence the authenticated exemplification of her
letters of administration, issued by the register for the probate of
wills and granting letters of administration in and for the county
of Centre, State of Pennsylvania.    As we have already seen, it is
specified in these letters wherein the jurisdiction of the probate
court was exercised, to wit, that James Y. McKee owned, "at
the time of his decease, divers goods and chattels, rights and
credits, within said county," and Margaret G. McKee was granted
"letters of administration thereof."    It is clear, therefore, that
these were special letters, limited to the administration of specific
property, that is, the property owned by the intestate at his death
and which was situated in Centre county, Pennsylvania; and as

the power of an administrator in such a case will not be extended beyond his letters (*Jones* v. *Clyatt*, 114 *Ga.* 673), the plaintiff, as administratrix, could not sue on the note which is the foundation of this action, in the absence of any allegation or proof that it was a part of the assets she was authorized by her special letters to administer.

4. Moreover, the general rule is well settled that an administrator can not, in his representative capacity, maintain any action in the courts of any sovereignty other than that under whose laws he was appointed or qualified, unless power to sue in the foreign jurisdiction has, under its statutes, been conferred on him. 13 Am. & Eng. Enc. L. 945; *Buck* v. *Johnson*, 67 *Ga.* 82. Our Civil Code, § 3521, provides: "When a person at the time of his death is domiciled in another State, and administration is there regularly granted on his estate, either to an executor or administrator, such executor or administrator, if there be none appointed in this State, may institute his suit in any court in this State, to enforce any right of action, or recover any property belonging to the deceased, or accruing to his representative as such." According to this section, to authorize a foreign administrator to institute his suit in this State, it must appear that his intestate at the time of his death was domiciled in the State where the letters of administration were granted, and that no administrator has been appointed in this State. This statute will be strictly construed. *Southwestern R. Co.* v. *Paulk*, 24 *Ga.* 356 (7). Neither of these conditions precedent to the right of a foreign administrator to sue in this State was alleged or proved in the present case. The plaintiff's letters of administration establish only that her intestate had at the time of his death property situated in Centre county, Pennsylvania, and that she was duly appointed to administer thereon; and the cause for granting letters to administer only that property may have been that it did not appear that the intestate was domiciled in Pennsylvania.

From what we have said, it follows that the judgment of the court below must be　　　*Reversed. All the Justices concur.*