### KINARD *et al. v.* GEORGE, guardian.

LUMPKIN, J. 1. There was no error in overruling the demurrers to the petition on the condition as to amendment which was imposed by the presiding judge.

2. The general rule is, that, if there is an administration on the estate of a decedent, the right to bring suit to protect an equitable interest of such estate, arising from payments made by the decedent under a bond for title and a subsequent conveyance by the obligor to one who takes with notice, is in the administrator; but this rule is subject to modifi-cation under peculiar circumstances, such as collusion between the ad-ministrator and the obligor or the person to whom the latter conveyed, for the purpose of defrauding those interested in the estate, and ob-

taining a personal benefit for the administrator as an individual. *Edwards* v. *Kilpatrick*, 70 *Ga.* 328; *Anderson* v. *Goodwin*, 125 *Ga.* 663 (5), 668 (54 S.'E. 679).

3. The original petition alleged, that a person since deceased had purchased a lot of land, had taken a bond for title, and had paid approximately a certain amount of the purchase-price (about two thirds), leaving approximately another stated amount due thereon; that the administrator had surrendered the bond for title to the vendor, who had accepted the balance of the purchase-money from a third person and conveyed the land to him, and he in turn had conveyed certain other land to the administrator as an individual (one deed described him as administrator of the estate), thus seeking to defraud the estate of the interest of the decedent arising from the payment made by him. It was further alleged, that the person who made the conveyance of certain land to the administrator took from the latter a note for the same amount which such person had paid to the original vendor as the balance of the purchase-money, with a mortgage to secure it; that, on failure of the administrator to make full payment, such person had obtained an execution, caused the property which he had conveyed to the administrator to be sold, bid it in for less than the amount of the execution, and had caused the execution to be levied for the balance on some of the personal property of the estate. An amendment, made to meet a ruling of the court, stated the amounts definitely instead of approximately, alleged that there were no debts of the estate, and prayed that, if there should appear to be any such, proper order should be granted in regard to their payment from the fund which might arise from the sale of the property, after an adjustment had been had in regard to the money paid to the original vendor and the use of the property after its improper conveyance, allegations in regard to which were contained in the original petition. *Held:*

(*a*) The amendment met the requirement of the court's order in overruling the demurrer on condition.

(*b*) The original demurrers did not raise the question of the necessity of making the administrator as such, as well as in his individual capacity, a party defendant. The suit was brought by the guardian of two children of the decedent, who were alleged to be the sole heirs. The amendment to the petition did not stop with merely making definite the amounts which had been previously alleged approximately, but went further and alleged that there were no debts of the estate, and sought, if there were any, to make provision in regard to them. This was such a material amendment as reopened the petition for a new demurrer, one ground of which raised the question as to the necessity of having the administrator, as such, before the court. It was accordingly error to strike such a demurrer, tendered after the making of the amendment.

(*c*) The court having struck the new demurrer tendered, and the trial having proceeded without a necessary party, a reversal on that account renders the further proceedings nugatory. Accordingly, the questions arising in the further progress of the case need not be determined.

*Judgment reversed. All the Justices concur.*
July 16, 1914.

Equitable petition. Before Judge George. Ben Hill superior court. June 30, 1913.

*Haygood & Cutts, L. Kennedy,* and *C. B. Teal,* for plaintiffs in error.

*Elkins & Wall* and *McDonald & Grantham,* contra.