### Whelchel *v.* Waters.

Atkinson, J. 1. "The offer of a seller must be accepted by the purchaser unequivocally, unconditionally, and without variance of any sort. There must be mutual assent of the parties, and they must assent to the same thing in the same sense." *Robinson* v. *Weller,* 81 *Ga.* 704 (8 S. E. 447); *Gray* v. *Lynn,* 139 *Ga.* 294 (77 S. E. 156). Letters between contracting parties for sale and purchase of land were as follows: Letter from vendor to vendee, dated July 30, 1919: "My brother Randolph has written me in regard to your buying my place, where you now live. This is all the property I have there, . . which is about seven acres, according to the division of my father's old home place. . . I will take $3300.00 cash or $3500.00 on time. . . Let me know as soon as you can whether you will take the place or not." Letter from vendee to vendor, dated August 5, 1919. "I accept your offer $3300.00 for the old Longstreet Home, and enclose you herewith my certified check for $25.00 to close the trade, and ask that you have the deeds made [to?] the Farmers & Merchants Bank here and upon receipt of same the . . [bank] will mail you a check for the $3300.00." Letter from vendor to vendee, dated August 26, 1919. "Your letter enclosing check for

$25.00 was received. . . As you did not give very clear instructions, I could not have deed drawn up until receiving them, as I could not understand whether the deed was to be made out to you as Mary A. Waters, and mailed to the bank or to the . . [bank] in trust for you, so have my brother to draw up same and forward for signing." *Held:* The letter of the vendee was an unequivocal and unconditional acceptance of the cash offer contained in the first letter of the vendor. The request that the vendor have the deeds made, etc., is not to be construed as in any sense qualifying the acceptance of the offer, and was not so construed by the vendor, as indicated in reply to the letter of acceptance. The letters were sufficient, within the meaning of the law quoted at the beginning of this note, to show mutual assent of the parties, and to form a valid contract in writing for sale and purchase of a definite tract of land.

2. In a suit for specific performance by the vendee against the vendor the petition as amended described the property definitely and alleged that the property so described contained " 10 acres, more or less," and was known as " the Longstreet . . home place," and that it was " the only land · then owned" by the vendor in that county. The petition further alleged that after the contract and before suit the defendant refused to make a deed to the land. *Held:* (*a*) The petition as amended sufficiently described the land embraced in the contract, and alleged a cause of action for specific performance. (*b*) Amendments to the petition were largely in response to special demurrers; and if some allegations of the various amendments which were objected to upon demurrer were not strictly appropriate or necessary, they were not of such character as that their allowance would require a reversal.

3. The judge did not err in overruling the various demurrers to the petition as amended.

4. As a general rule, a vendee of land, before bringing his action for specific performance, should tender to the vendor the amount agreed to be paid by him before the execution of the conveyance; but tender by the vendee before suit is excused if the vendor by declaration or conduct proclaims that if a tender should be made its acceptance would be refused. In the latter instance it is sufficient to offer in the pleadings to pay the amount due, or which may be found to be due by the decree of court. *Miller* v. *Watson*, 139 *Ga.* 29 (2) (76 S. E. 585); *Burkhalter* v. *Roach*, 142 *Ga.* 344 (2) (82 S. E. 1059).

5. A ground of the motion for new trial complains as follows: In response to a notice duly served, the plaintiff produced an original letter from the vendor to the vendee, which the defendant offered in evidence. The court allowed to be read to the jury so much of it as stated: " I will have to call the sale off, and am inclosing check for $25.00 which you enclosed me," but refused to admit the entire letter, which complained of the price that was being paid, and of the withdrawal of other bidders on the ground that they did not wish to bid against a' widow, etc., and reoffering the property at a higher price which two other persons had expressed a willingness to give. Another ground of the motion for new trial complains of the ruling of the court refusing to allow the counsel for the defend-

ant to ask the plaintiff, on cross-examination, " Did you try to dissuade them from buying it? " and " Didn't you know that Mr. Phelix Jackson was trying to buy the place at the time you traded for it? " Counsel stated that he expected the witness to answer the first question that " she did approach " certain persons, and in answer to the second question " that he expected to prove by the witness that Mr. Phelix Jackson wanted to buy the place and was willing to pay $4000.00 for it, and that she either approached him personally or had others approach him, . . and told him that she was a widow woman and asked him not to bid on the place." No question of public sale or fiduciary relation was involved. *Held:* that there is no merit in these grounds of the motion for new trial.

6. The original petition alleged a tender of $3275.C0 as a balance of the purchase-price, having theretofore paid $25.00. Without striking such allegation as to tender, another tender was alleged by amendment of " $3485.25, being the principal and interest from the date of said contract at 7%." The jury returned a verdict: " We, the jury, find for the plaintiff, and that she pay three thousand, two hundred and seventy-five dollars ($3,275.00), and that defendant make deed." *Held:* The jury being authorized to find that the delay in making the deed was the fault of the defendant, the discrepancy between the amount tendered and contract price as stated in the verdict will not require a reversal.

7. The evidence was sufficient to support the verdict, and there was no error in refusing a new trial.

*Judgment affirmed. All the Justices concur.*
No. 2418.   FEBRUARY 15, 1922.

Equitable petition. Before Judge Jones. Hall superior court. December 15, 1920.

*J. O. Adams* and *H. H. Perry,* for plaintiff in error.
*W. B. Sloan,* contra.