CLARK *et al. v.* WOODY *et al.*

No. 14822. MAY 5, 1944.

*Lanham & Parker,* for plaintiffs.

*G. Fred Kelley* and *J. F. Pruett,* for defendants.

ATKINSON, Justice. (After stating the foregoing facts.) ■ The court did not err in sustaining the general demurrer of Ernest Harkins, as administrator. This suit was instituted by certain heirs at law. The petition shows on its face that there is an administrator of this estate. "Under the provisions of the Code of this State, before heirs at law of a deceased intestate can recover land which had belonged to the estate of such intestate, they must allege and prove that there was no administration on the estate, or that the administrator, if there was one, assented to their bringing suit." *Greenfield* v. *McIntyre,* 112 *Ga.* 691 (38 S. E. 44);

*Doris* v. *Story,* 122 *Ga.* 611, 613 (50 S. E. 348) ; *Wilson* v. *Wood,* 127 *Ga.* 316 (56 S. E. 457) ; *Gornto* v. *Wilson,* 141 *Ga.* 597 (81 S. E. 860) ; *Strickland* v. *Fender,* 142 *Ga.* 132 (82 S. E. 561). Since it appears that there was an administrator, but it does not appear that the administrator assented to the bringing of the suit by the plaintiff heirs, they were without legal authority to appear as plaintiffs. Nor does the petition take the case out of the above rule by making any allegation of fraud or collusion on the part of the administrator. *Anderson* v. *Goodwin,* 125 *Ga.* 663 (5) (54 S. E. 679) ; *Kinard* v. *George,* 142 *Ga.* 111. (2) (82 S. E. 560). Where, in a suit by the heirs at law to cancel a deed, the petition shows that there is an administrator, but does not allege his assent to the bringing of the suit, and does not charge fraud or collusion on the part of the administrator, the petition sets forth no right of action.

■ Neither do the allegations in the petition that this deed is a cloud upon the title of the plaintiffs' two-sevenths interest in the land make the petition good as a proceeding quia timet, under the Code, §§ 37-1407 et seq. In this regard the petition alleges that "to permit the said deed to remain of record would be a fraud upon your petitioners, and the said deed is a cloud upon petitioners' title to said lands;" and also, "petitioners show that the said deed is a cloud upon their title." The petition states that Hood Clark was "the owner of an undivided four-sevenths interest in the said described land." A copy of the deed is not attached to the petition, but it is alleged that the defendant, "W. A. Woody, had placed upon the deed records of Lumpkin County, . . a deed . . purporting to have been signed by the said Hood Clark and purporting to convey" all of the above described lands to Mae Woody. Construed most strongly against the pleader, the petition does not allege that the deed purported to convey a complete title to a full interest in the tract. If Hood Clark owned a four-sevenths interest in the land, and conveyed his "interest in the land," such a deed could, under no circumstances, be a cloud upon the title to the two-sevenths interest of the petitioners. *Latham* v. *Inman,* 88 *Ga.* 505 (15 S. E. 8).

*Judgment affirmed. All the Justices concur.*