CRAWLEY *v.* SELBY *et al.*

No. 17630. ARGUED OCTOBER 10, 1951—DECIDED NOVEMBER 14, 1951.

*F. L. Breen* and *Thomas G. Lewis*, for plaintiff in error.

*Hamilton Douglas Jr.*, and *White, Douglas & Arnold*, contra.

WYATT, Justice. ■ The plaintiff in error first complains of the refusal of the court below to grant a nonsuit, but she also assigns as error the overruling of the motion for new trial, containing the ground that the verdict was contrary to the evidence and without evidence to support it. "An exception based on a refusal to grant a nonsuit will not be considered, if the case is submitted to the jury, and, after a verdict for the plaintiff, the defendant in a motion for new trial presents the contention that the verdict is contrary to the evidence and without evidence to support it." *Guffin* v. *Kelly*, 191 *Ga.* 880 (14 S. E. 2d, 50). See also *Foremost Dairy Products* v. *Sawyer*, 185 *Ga.* 702 (196 S. E. 436).

■ The plaintiff in error next complains of the judgment of the court below overruling the defendant's motion to dismiss on the ground that there was a variance between the material allegations of the petition and the proof adduced at the trial. This motion was made after all the evidence was in and both sides had closed, and was in effect a renewal of the motion for nonsuit. See *Kelly* v. *Strouse*, 116 *Ga.* 872 (43 S. E. 280); *Frank* v.

*Atlanta Street Railroad,* 72 *Ga.* 338; *Alabama Great Southern Railway* v. *Blevins,* 92 *Ga.* 522 (17 S. E. 836). Under the ruling in division one of this opinion, this exception will not be considered here.

3. The general grounds of the motion for new trial present two questions. The first question is whether or not the evidence was sufficient to prove that these plaintiffs were the proper parties to maintain this action. The answer to this question, in turn, depends upon: (1) whether the evidence was sufficient to prove that there was no administration had upon the estate of E. G. Ferkins in this State; (2) whether the evidence was sufficient to show that the foreign will of E. G. Ferkins was not offered for probate in this State, and administration granted thereon; (3) whether the mere fact that there was a foreign executor or administrator would prevent the heirs at law from bringing suit to recover real property located in this State; and (4) whether the evidence was sufficient to prove that the plaintiffs in the court below were the only heirs at law of the deceased.

For convenience and brevity, (1) and (2) above will be considered together, since, in so far as this case is concerned, the legal questions involved are the same. Code § 113-901 provides: "Upon the death of the owner of any estate in realty which estate survives him, the title shall vest immediately in his heirs at law, subject to be administered by the legal representative. . . If there is a legal representative, the right to recover such realty shall be in him; if there is none, the heirs may sue in their own names." Code § 113-907 provides: "Upon the appointment of an administrator, the right to the possession of the whole estate is in him, and as long as such administrator continues, the right to recover possession of the estate from third persons is solely in him. If there is no administration, or if the administrator appointed consents thereto, the heirs at law may take possession of the lands or may sue therefor in their .own right."

It is clear from the above-cited Code sections that an heir at law seeking to recover in his own name all or a part of the estate of a decedent must allege and prove that there was no administration of the estate in this State, or that the administrator was discharged before suit, or that the adminis-

trator had consented to the suit. See *Yerbey* v. *Chandler*, 194 *Ga.* 263 (21 S. E. 2d, 636); *Greenfield* v. *McIntyre*, 112 *Ga.* 691 (38 S. E. 44); *Reed* v. *Norman*, 157 *Ga.* 183 (121 S. E. 310). The plaintiff in the instant case alleged that there had been no administration on the estate of the decedent, and undertook to prove this allegation by introducing as a witness the Deputy Clerk of the Court of Ordinary of Fulton County, the county in which the land in question was located. This witness testified that he had examined the records of the court of ordinary for the past six years, and that there had been no administration of the estate of E. G. and A. F. Ferkins.

This court said in *Greenfield* v. *McIntyre*, supra: "The best method of proving that no administration was ever had upon a particular estate is to introduce the evidence of the ordinary, or of another who has examined the records in the court of ordinary where letters of administration should have been granted, that no such letters are shown by those records." Code § 113-1211 provides: "Every application for letters of administration shall be made to the ordinary of the county of the residence of the deceased, if a resident of this State; and if not a resident, then in some county where the estate or some portion thereof is located." See also Code § 113-702. "Where a non-resident intestate left assets in two counties of this State, administration can be granted in either, and the ordinary first commencing the exercise of jurisdiction will retain it." *Arnold* v. *Arnold*, 62 *Ga.* 627. See also *Neal* v. *Boykin*, 132 *Ga.* 400 (64 S. E. 480).

The decedent in the instant case was a non-resident of the State of Georgia at the time of his death. Therefore, under the authorities above cited, the proper place for the administration of his estate is in any county in this State wherein the estate or any portion of it is located. While the evidence in the instant case was sufficient, under *Greenfield* v. *McIntyre*, supra, to prove that no administration had been had upon the estate of E. G. Ferkins in Fulton County, it was not sufficient to prove that there had been no administration at all upon the estate in Georgia. This is true for the reason that there was no evidence as to whether or not the deceased had property in this State in a county or counties other than Fulton County, Georgia.

Before the plaintiffs in this case can maintain this action, it is incumbent upon them to prove, in addition to the proof already adduced, either that the decedent had no property in any county of this State except Fulton County, or that, if he had property in some other county or counties in this State, no administration had been granted in such county or counties. It follows, the evidence as to whether or not there had been an administration of the estate of the decedent was not sufficient to support the verdict.

It appears from the evidence that the deceased left a will in Florida. Mrs. Selby, one of the plaintiffs in this case, testified that she had received a legacy under the will of the deceased, but that she did not remember who the executors were. The plaintiff in error contends that, under Code § 113-2401, the right to recover the land in question is in the executor of the foreign will of the deceased. That section provides: "When a person at the time of his death is domiciled in another State, and administration is there regularly granted on his estate either to an executor or administrator, such executor or administrator, if none is appointed in this State, may sue in any court in this State to enforce any right of action, or recover any property belonging to the deceased, or accruing to his representative as such." The right of a foreign executor to bring suit under this section is not, however, an unqualified one. Code § 113-2402 provides: "Executors qualified according to the law of their domicile, upon wills properly admitted to probate in another State, upon filing with the court a certified copy of such proceedings, shall be entitled to use all the processes and remedies prescribed by the laws of this State, in the same manner as if qualified under the laws of this State. . ." It will thus be seen that the right of a foreign executor to bring suit to recover land located in this State is conditioned upon his complying with prescribed conditions, and until he does so, the right to bring suit to recover the property is not in him, but, under the circumstances in the instant case, would be in the heirs at law in whom title vested upon the death of E. G. Ferkins. See, in this connection, *Turner* v. *Linam*, 55 *Ga.* 253; *Buck* v. *Johnson*, 67 *Ga.* 82. However, the burden is upon the defendants in error, since it appears from the evidence that there was a foreign will,

to show that the foreign executor has not complied with Code §§ 113-2401, 113-2402. They have not done so, and for this reason the evidence is not sufficient to support the verdict.

The evidence relied upon to prove that the plaintiffs were the only heirs at law of the deceased was testimony by Mrs. Selby, one of the plaintiffs in the court below, to the effect that the deceased was her mother's brother; that he died leaving no wife, children or descendants of children, no brothers or sisters, and that she and her sister, the other plaintiff in the court below, are the only children of deceased's brothers and sisters. The plaintiffs in error contend that, "before the testimony of Mrs. Selby can be admitted, . . her relationship to the deceased must be proved by other evidence than her declaration." It appears from the record, however, that no objection was made to the above testimony when it was offered at the trial. No question of the admissibility of this evidence is therefore presented for consideration by this court. See *Crosby* v. *Rogers,* 197 *Ga.* 616 (30 S. E. 2d, 248); *Morris* v. *State,* 200 *Ga.* 471 (37 S. E. 2d, 345).

The question is presented, however, whether the evidence, even though admitted without objection, has any probative value. This court has many times held that inadmissible hearsay testimony, even though admitted without objection, has no probative value. See *Higgins* v. *Trentham,* 186 *Ga.* 264 (197 S. E. 862), and cases cited. The defendants in error contend that the testimony of Mrs. Selby is admissible hearsay under Code § 38-303, and therefore may be used to prove the fact of the relationship between the plaintiffs and the deceased. The plaintiff in error contends that the testimony is inadmissible hearsay because it is a declaration of pedigree, and under the rulings in *Greene* v. *Almand,* 111 *Ga.* 735 (36 S. E. 957), *Mobley* v. *Pierce,* 144 *Ga.* 327 (87 S. E. 24), and other similar cases, the relationship of the declarant can not be proved by the declaration itself, but before such a declaration can be admitted, there must be independent proof of the relationship.

In so far as we have been able to find, this exact question has never been decided by this court. Before beginning a consideration of the principal question, it will be well to distinguish between the declarations of a declarant and the testimony of a

witness, since counsel in their briefs have treated the statements here involved first as one and then as the other. For purposes of this case it is sufficient to say that a declaration is an unsworn statement made by a party to a transaction, or by one having an interest in the existence of some fact in relation to the transaction. See Black's Law Dictionary; Bouvier's Law Dictionary; 31 C. J. S. 944, § 211. Testimony, on the other hand, is the statement made by a witness under oath or affirmation. Bouv. Law Dict. The statements here under consideration are, therefore, testimony rather than declarations, since they were made under oath in a judicial proceeding. The rules relating to declarations are not applicable.

However, since the matters reported by the witness are not matters which she could know directly of her own knowledge, but are matters about which she had to secure information from others, the question remains: Is the testimony admissible hearsay, and therefore competent to prove the facts reported? Code § 38-303 provides: "Pedigree, including descent, relationship, birth, marriage, and death may be proved either by the declarations of deceased persons related by blood or marriage, or by general repute in the family, or by genealogies, inscriptions, 'family trees', and similar evidence." The plaintiff in error admits the above rule, but insists that a further rule is applicable to the effect that, before a declaration of pedigree is admissible in evidence, the relationship of the declarant with the family must be established by independent evidence. See *Greene* v. *Almand*, supra. We hold that this rule is not applicable in the instant case for the reason that it refers to declarations and not to testimony. As has been pointed out, the statements involved in this case are not declarations, but are testimony by one who is a witness in the case. The witness is reporting matters of general repute and tradition in her family, which are admissible to prove pedigree. See *Hines* v. *Donaldson*, 193 *Ga.* 783 (20 S. E. 2d, 134); Code, § 38-303. Since the witness is herself the one to whom the facts relate, it is not necessary for her to first establish by independent evidence her relationship to her family, since, as was said in *Malone* v. *Adams*, 113 *Ga.* 791 (39 S. E. 507, 84 Am. St. R. 259): "While she was not, of course, related to herself by blood or marriage, she certainly was a member of

the family of individuals with whom she was connected by blood or affinity, and no proof was required to establish the fact that she was a member of that particular family." It has also been held proper for one to testify to facts of family history which relate to him. See 31 C. J. S. 968, 970, § 226. Cf. *Central Railroad* v. *Coggin*, 73 *Ga.* 689; *McCollum* v. *State*, 119 *Ga.* 308 (46 S. E. 413). It follows that this testimony was sufficient to support a finding that the plaintiffs were the only heirs at law of the deceased.

The second question raised by the general grounds of the motion for new trial is whether or not the evidence as to tender was sufficient to support the verdict. The evidence showed that, prior to bringing suit, the plaintiffs in the court below, through their agent, tendered $182.30 to the defendant, saying that this was the amount he considered to be due, and that, if there was an additional amount due for expenses, fees, advertising, etc., he was ready, willing, and able to pay what was due. The defendant refused the tender on the ground that the matter was in her lawyer's hands and she could not accept the tender. The evidence showed that there was due an additional $10 for advertising, making a total of $192.30. The plaintiff in error contends that a tender of $182.30 was not an adequate tender, and that the defendant in error has not complied with the terms the law prescribes for redeeming property held under a tax deed. The defendants in error contend that, under the circumstances in this case, the refusal of the plaintiff in error to accept the tender or to name the amount due was in effect a refusal to accept any amount, and was, therefore, a waiver of a legal tender.

It will be noted that the refusal of the plaintiff in error to accept the tender was not based upon the insufficiency of the amount tendered, but it was refused because the matter "is in my lawyer's hands." She also refused to name the amount she claimed to be due her, and from her language and conduct, the jury was authorized to find that the defendant refused to accept any amount. Where an offer is made to pay whatever amount is due, and the person to whom tender is due refuses to accept any amount, the refusal dispenses with the formality of making a legal tender. See *O'Neal* v. *Spivey*, 167 *Ga.* 176 (145 S. E. 71); *Henderson* v. *Willis*, 160 *Ga.* 638 (128 S. E. 807); *Kiser Co.* v.

*Padrick,* 30 *Ga. App.* 642 (118 S. E. 791) ; *Whelchel* v. *Waters,* 152 *Ga.* 614 (111 S. E. 25) ; *Miller* v. *Watson,* 139 *Ga.* 29 (76 S. E. 585). It follows, the evidence as to tender was sufficient to support the verdict.

(4) The only special ground of the motion for new trial complains of the following excerpt from the charge of the court: "Gentlemen, in that connection, if you do not believe that the plaintiffs are entitled to recover, then a simple form of verdict would be: We, the jury, find in favor of the defendant. That would mean that the defendant would have title to the property and that the plaintiffs would be deprived of that title." The contention is that the above-quoted excerpt from the charge of the court amounts to an expression of opinion by the court that the plaintiffs had title to the property; that it was likely to lead the jury to believe that the plaintiffs had carried the burden of proving the fact of their relationship to the deceased; and that there was no evidence to support it. Considering the charge of the court as a whole, it is not subject to any of the criticisms made against it. We think it fairly and adequately covers the issues made by the pleadings and the evidence. There is no merit in this ground of the motion for new trial.

For the reasons stated in division three of this opinion, the judgment of the court below was error and must be reversed.

*Judgment reversed. All the Justices concur.*