ATTORNEY GENERAL *vs*. WILLIAM H. CLARK & others.

Suffolk.    March 26, 1896. — December 2, 1896.

Present: FIELD, C. J., ALLEN, HOLMES, MORTON, & BARKER, JJ.

*Information — Jurisdiction in Equity — Public Charity — "Definite Body capable of Suing" — Unincorporated Religious Society.*

This court has no jurisdiction in equity of an information by the Attorney General to compel the custodians of a fund to transfer the same to a church, if the church is a definite body, capable of suing for, receiving, holding, and applying for the purpose for which the fund is alleged to have been raised any interest which it has therein.

INFORMATION, filed by the Attorney General at the relation of the Trustees of the Twelfth Baptist Church of Boston, to compel the defendants, William H. Clark, George W. Smith, and George W. Evans, to do certain acts hereinafter recited in the prayer.

The information alleged that the relators were the trustees of an unincorporated religious society in Boston, known as the Twelfth Baptist Church; that they were entitled to hold the real estate occupied by the society, and were the proper custodians of its real and personal property, except such moneys as were used for defraying the current expenses of the church; that in 1887 a voluntary association was organized by the name of the Twelfth Baptist Building Association, consisting of members

of the church and others; that the purpose of the building association was to obtain funds for erecting a new church edifice, or repairing the building then occupied by the church in Boston; that the association obtained various sums of money for that purpose, from membership fees and contributions from members of the association and of the church, and of those who had no connection with either; that the moneys so collected were deposited in various savings banks, and at the time of bringing the information stood in the name of the defendant, George W. Smith, as treasurer of the Twelfth Baptist Building Association; that monthly meetings of the building association were regularly held until the latter part of the year 1890, when they were suspended on account of dissension having arisen in the Twelfth Baptist Church; that no legal meeting of the association had since been held, and that the association has ceased to exist for the purposes for which it was formed; that alleged meetings of the association had since been held, and the defendants Clark, Smith, and Evans claimed to be respectively president, treasurer, and secretary of the association; that the trustees were making extensive improvements in the church, and desired to use the moneys in question for that purpose; that the moneys so deposited were given to the building association for a public charity; that the funds were being mismanaged; and that the defendants Clark, Smith, and Evans refused to allow the same to be applied toward the cost of the alterations and repairs of the church.

The prayers were that the defendants Clark, Smith, and Evans might be ordered to deliver to the trustees the bank-books, records, and papers of the association; to execute and deliver to the trustees a transfer of all deposits, with suitable orders for the payment thereof to the trustees; to repay a small sum alleged to have been wrongfully withdrawn by the defendant Smith for the payment of certain legal expenses; and that the defendants be restrained from transferring the deposits.

The defendants Clark, Smith, and Evans demurred, assigning as grounds therefor that no public charity was set forth in the information; that on the allegations, an information by the Attorney General would not lie; and specifically, that all prayers looking to the transfer of the funds, or the records or

papers of the building association to these trustees could not be granted in a proceeding by information.

Various savings banks, also parties defendant, did not join in the demurrer.

Hearing before *Holmes*, J., who sustained the demurrer, and dismissed the information; and the Attorney General appealed to this court.

*J. E. Abbott*, for the Attorney General.

*H. G. Allen*, for the defendants.

BARKER, J.    While equity will enforce a valid trust, charitable or otherwise, it does not do so upon an information filed by the Attorney General, if the trust is in effect a private one, nor unless there appears to be " some benefit to be conferred upon, or duty to be performed towards, either the public at large or some part thereof, or an indefinite class of persons."    *Old South Society* v. *Crocker*, 119 Mass. 1, 23.    When the trust is for the whole public, or for some part of the public, or for an indefinite class of persons, the Attorney General is evidently the proper officer to bring the case before the court, and to represent and act for the public, or for the persons who, because they constitute an indefinite class, cannot themselves appear in person or constitute an attorney.

Trusts connected with religious work have been not infrequently considered by this court, and in the case cited it was held that, while " gifts for the erection of a house for public worship, or for the use of the ministry, may constitute a public charity, if there is no definite body, for whose use the gift was intended, capable of receiving, holding, and using it in the manner intended, . . . when there is a body, or a definite number of persons, ascertained or ascertainable, clearly pointed out by the terms of the gifts to receive, control, and enjoy its benefits, it is not a public charity, however carefully and exclusively the trust may be restricted to religious uses alone."

These principles are decisive of the present case upon the demurrer.

It appears by the amended information that the Twelfth Baptist Church is an unincorporated religious society established in Boston for the purpose of maintaining religious worship in accordance with the faith and usages of the Baptist denomina-

tion, having trustees who hold the title to the real estate occupied by the society, and who are the proper custodians of all its property. It also appears that the funds represented by the deposits in the defendant savings banks, and the amount withdrawn for legal expenses, had been raised by a building association which has now ceased to exist, by membership fees and contributions from various persons for the purpose of assisting the church to obtain funds, either for erecting a new church edifice, or for renovating and repairing the structure then occupied by it, and upon which extensive improvements are now in progress, for the expense of which the funds so raised are needed.

Under the provisions of Pub. Sts. c. 39, § 9, the Twelfth Baptist Church, as an unincorporated religious society, has power to use and employ, according to its terms and conditions, any donation or gift made to it, and may sue for any right which may vest in it in consequence of such donation or gift. If then the fund now in question consists of moneys given for the purpose stated in the information, the Twelfth Baptist Church is a definite body for whose use the gift was intended, and which body is capable of receiving, holding, and using the gift in the manner intended, and which has power to sue for the right to use the fund in accordance with the purpose for which it is alleged to have been raised.

The case, therefore, is not one in which it is necessary for the Attorney General to intervene, upon the ground that those who are entitled to the benefit of the donation are incapable of asserting their own rights. Because the Twelfth Baptist Church is a definite body, capable of enforcing whatever rights it may have in the fund in controversy, the Attorney General cannot be permitted to have the disposition of the fund determined in this proceeding, which is an information brought by himself; and for this reason the demurrer was rightly sustained. *Old South Society* v. *Crocker, ubi supra.* See also *Going* v. *Emery,* 16 Pick. 107, 119; *Parker* v. *May,* 5 Cush. 336, 338; *Jackson* v. *Phillips,* 14 Allen, 539, 579; *Attorney General* v. *Tudor Ice Co.* 104 Mass. 239, 244; *Attorney General* v. *Federal Street Meeting-House,* 3 Gray, 1, 50.

*Decree affirmed.*