| F. Bayard Rives | |
| vs. | Eq. No. 2261. |
| Art Association of | |
| Newport | |

June 30, 1930.

WALSH, J. This is a bill in equity brought by F. Bayard Rives against the Art Association of Newport. Mr. Rives is the son of Sara Rives, testatrix, who under the terms of her will, probated in the Surrogates Court of the County of New York on June 11th, 1924, and probated in the Probate Court of the City of Newport July 14th, 1924, devised and bequeathed "Swanhurst" and its contents to the Art Association of Newport, a corporation. The petitioner is the son, the next of kin, one of the residuary legatees and one of the executors of his mother's will, and he brought this petition as an individual against the respondent to compel the respondent, in the first instance, to keep "Swanhurst" and certain antique furniture in the condition in which it was at the time of the decease of his mother; and also to compel the respondent to make an accounting of the funds bequeathed by the mother to the Association.

There are two questions involved in the demurrers filed to the petition. First, the formal question as to whether the suit is properly brought by the petitioners. Second, a substantive question, the matter of the interpretation of certain clauses in the will of Sara Rives. The particular clauses involved are the Twelfth, Thirteenth, Fourteenth, Seventeenth, Eighteenth, Nineteenth and Twentieth. The petitioner Rives admits there is no reverter to him in the event of the failure of the devise and bequest to the Art Association, he seeks no share in the estate, and does not deny that the will creates a charitable trust. He does claim, however, that the will as a whole shows that the testatrix had in mind the creation of a trust and in the use of the words in the will intended that her conditions were mandatory and compulsory conditions, which made it incumbent upon the respondent to carry out her directions explicitly. The respondent contends that the use of the words in the will were simply advisory in their nature.

Taking up the first point, this bill is brought by the petitioner Rives as an individual and the Attorney General was later joined as a party with his consent. The bill is not brought by the Attorney General at the relation of the petitioner. We feel that the fact that the Attorney General was subsequently made a party petitioner does not cure the defect in the bill and does not make the bill a proper one. This is a charitable trust for the benefit of the public at large and it is the exclusive duty of the Attorney General in cases of this kind to bring the original proceedings.

*Newport Hospital* vs. *Harvey*, 47 R. I., 382;

*Attorney General* vs. *Clark*, 167 Mass., 201.

The petitioner Rives does not claim any reverter to him nor does he in any way allege any special damage to him and under such circumstances the remedy lies with the Attorney General.

>Brown, et al., Trustee, vs. Meeting St. Baptist Society, 9 R. I. 177;

>Brice vs. All Saints Memorial Chapel, 31 R. I. 183;

>Attorney General vs. Parker, 126 Mass. 221;

>Mackenzie vs. Trustees, 61 At. 1027 (J. J.).

The authorities are clear in a case like this, where the trust is charitable, that it must be enforced and supervised by the Attorney General, acting on behalf of the people of the State, and that the heirs-at-law and next of kin of the testatrix or donor have no standing in bringing a bill in equity such as has been brought in this case.

Demurrer on the first ground is sustained.

The words used by the testatrix with reference to the personal property bequeathed in the Seventeenth, Eighteenth, Nineteenth and Twentieth clauses of her will are to be interpreted by us in deciding the point raised on the second ground of demurrer. The respondent says these words are precatory, advisory or exhortive. The petitioners say the words used create a mandatory and compulsory trust.

It is admitted that the daughter, Mildred Godwin, died within ten years of the date of the testatrix.

In the Nineteenth clause of the will the testatrix uses the words "without restriction except I wish the rooms on the ground floor of said building kept for as long as practicable in the same condition as when the said Art Association of Newport shall come into possession of the same; the contents of the rest of the house, stables and so forth, however, to be kept or sold as to the said Art Association shall seem best, the proceeds of any such sale to be added to the fund hereinbefore provided for the benefit of said Art Asso-

ciation of Newport." In the Twelfth clause the testatrix uses the words, "I direct that the income . . ." In the same clause she uses, "It is my wish . . ." In the Thirteenth clause she uses the expressions, "It is my wish . . ." and "I direct. . ." In the Twenty-sixth clause she uses the words, "I direct. . ."

The general rule in cases of this kind is that the will as a whole should be read and that the general intent of the testatrix should be given effect. In this case the will was carefully drawn, apparently by one capable of expressing the intent of the testatrix to make it legally effective. It is clear that the writer of the will knew the distinction between a "wish" and a "direction." The use of the word "wish" in conjunction with the words "as long as practicable" is indicative of an hortative rather than a mandatory expression. Such words imply a matter of judgment on the part of someone and it could not be any other than the Art Association. Had the testatrix desired to make this mandatory she could have used appropriate language and it is clear that the testatrix knew how to do so and knew the distinction between words mandatory in effect and those precatory or advisory and we must come to the conclusion that the testatrix did not intend to create a trust in this matter but rather left it to the Art Association of Newport outright with the request or wish that they use their discretion in the manner indicated. The clear construction of the will does not make it imperative upon the Art Association to keep "Swanhurst" perpetually in the condition that it was in at the time of the death of the testatrix.

Upon this construction we cannot find that the provision alleged to be violated is mandatory and compulsory but we rather incline to the opinion that it is merely advisory and that there was no trust set up for a public exhibit as claimed by the petitioners.

but that the property bequeathed was bequeathed to the respondent for its own purposes and its use is entirely in the discretion and control of the respondent.

For this reason the demurrer is sustained.

For complainants: Burdick, Corcoran and Peckham, Charles H. Korhue, Jr., H. C. C. Korhue.

For respondents: Sheffield & Harvey.