### NICOLSON v. CITIZENS & SOUTHERN NAT. BANK et al.

### Civ. A. No. 44.

District Court, S. D. Georgia.

May 10, 1943.

John Nicolson, of New York City, for plaintiff.

Adams, Douglas & Brennan and Lawton & Cunningham, all of Savannah, Ga., for defendants.

LONG, District Judge by assignment.

This cause is before the court upon motion of defendants for leave to file in this cause certified copies of the petition of John Nicolson, issued by the Surrogate's Court of the County and State of New York to be appointed administrator c.t.a.d.b.n. of the will of John W. Hunt, of the order entered thereon, and of letters of administration which were issued to John Nicolson and Bernard L. Shientag, and upon motion of the defendant, the Citizens and Southern National Bank; the motion of A. Pratt Adams and Wm. W. Douglas, surviving copartners of Adams, Adams & Douglas, and the joint motion of the Citizens and Southern National Bank, and Adams and Douglas.

The court grants the motion to file in this cause the certified copies of the petition, the order entered thereon, and the letters of administration, and has filed the same April 20, 1943.

In passing upon the motions to dismiss, filed by the defendants as above stated, it is necessary to briefly state somewhat of the history of the litigation. On December 11, 1910, one John W. Hunt, who was at the time of his death domiciled in the City of New York, died testate. John E. Harris and Robert L. Lucas were named as executors of his will. Harris lived in Jacksonville, Florida, and at one time had been a partner of John W. Hunt; the original will was probated in Duval County, Florida, and letters issued to the executors. More than two years thereafter these executors qualified as executors in New York, the original will remaining in the probate court of Duval County, Florida. After certain legacies provided for in the will had been paid, the remainder of his estate was devised to the executors in trust and was to be used in establishing and maintaining such charitable or benevolent institutions as the executors saw fit as a memorial for the testator. This memorial was to be established in the State of Georgia, either in the middle or southern section. The assets of the estate consisted of certain money and securities in New York and of hotel property in California. In December of 1913 the executors executed a declaration of trust which provided that the residuum of the estate should be applied to the establishment and maintenance of an institution in the middle or southern section of Georgia, having either of the following objectives:

a. An institution where poor orphans and other poor boys and girls may be maintained and educated.

b. An institution where poor men and women, aged or indigent, might be maintained and entertained.

It appears from the pleading that the moneys belonging to the estate, and then in New York, were deposited in one of the banks in the City of Jacksonville by the executor Harris, who resided in Jacksonville, Florida.

In May of 1922 the plaintiff John Nicolson and Bernard L. Shientag were appointed administrators c.t.a.d.b.n. by the Surrogate's Court of New York. The petition, letters, and order referring to such appointment have been filed by this court in the cause as stated above.

On March 19, 1924 one Fred M. Valz was appointed administrator c.t.a. by the Probate Court in Duval County, Florida, and the complaint shows that at that time there was a deposit in the bank in Jacksonville of $43,558.70, which was an asset of the estate of Hunt, which deposit was made by the executors Harris and Lucas.

Subsequent to the appointment of Valz as administrator, on, to-wit, the 15th day of July, 1924, on a petition of Valz and George F. Napier, Attorney General of the State of Georgia, the Superior Court of Chatham County appointed the Citizens and Southern National Bank and the said Fred N. Valz as trustees under the fourteenth item of the will of the said John W. Hunt. The funds of the estate in the hands of the administrator were to be paid over and held by the trustees under the fourteenth item of the will, and all funds so collected by the trustees to be deposited and held in the Citizens and Southern National Bank in Savannah, Georgia, subject to the further orders of the court, and for the benefit

of the charities provided for in the said item of the will; that the court retain jurisdiction for such other and further direction or action as might be appropriate.

This decree of the Superior Court of Georgia authorized the trustees to assent that the said Valz, as administrator, should demand and receive for the ancillary administrator in California the assets of the estate in California, and that as soon as Valz, the Florida administrator, collected the same he should turn such funds over to the Citizens and Southern National Bank as trustees, the funds to be chargeable with the expense of the Florida administrator, and that all funds applicable to the said trust should be deposited with the Citizens and Southern Bank in Savannah, Georgia, which was done.

There was certain litigation brought in the Superior Court of California by the heirs of the testator to declare the trust created in the fourteenth item of the will void. In this litigation the trustees appointed under the decree of the Superior Court of Georgia appeared by their attorneys, Adams, Adams and Douglas, and successfully defended this suit. The Florida administrator advanced to this firm of lawyers $2,500 as retainer in the California suit and paid their expenses. Subsequently, the California court authorized the payment to Adams' firm of $10,000, and to a Mr. Lee, who represented the California administrator, a fee of $10,000.

One Stanton Walker was, up to his death, the attorney of the administrator in Florida.

The complaint seeks to have the decree of the Superior Court of Chatham County, Georgia, entered July 15, 1924, re: The estate of John W. Hunt, deceased, adjudged, not only voidable, but null and void, on the ground that the court was without jurisdiction in the premises, and on the further ground that the decree was obtained by misrepresentations to, and concealments from the court which are alleged to be fraudulent.

The plaintiff seeks to recover from the Adams firm the amount of $12,500 in fees, and $1,892.56 in expenses; to recover from Fred M. Valz the sum of $11,800, allowed said administrator Valz by the Probate Court of Duval County, Florida, as fees for his services as such administrator from the defendants; Stanton Walker, attorney for the Florida administrator, $12,281.71, allowed as fees by the Probate Court of Duval County, Florida.

The complaint alleges that equitable relief is sought in order to avoid a multiplicity of suits, as well as that the 14th amendment of the Constitution of the United States has been violated in that the plaintiff has been deprived of property without due process of law in violation of said amendment.

The prayers of the complaint are:

1. That the decree of the Superior Court of Georgia, dated July 15, 1924, be adjudged null and void for want of jurisdiction; that if said decree is not adjudged void for want of jurisdiction, it be set aside, because of fraudulent misrepresentations and concealments.

2. That the order of the court of the County Judge of Duval County, Florida, appointing Valz administrator be declared null and void for want of jurisdiction; that the orders of the Florida court approving payment to Valz, Walker, and the firm of Adams, Adams & Douglas be declared null and void for want of jurisdiction, and also because obtained by fraudulent representations and concealments.

3. That the order entered by the Florida Probate Court in which Valz was authorized to turn over to the Citizens and Southern Bank and himself as trustee, the moneys which he, Valz, had acquired as administrator, as well as the decree of the Superior Court of Chatham County, Georgia, appointing Valz and the said bank as trustees, were proceedings whereby the plaintiff as one of the New York administrators was deprived of property, viz., the bank deposits, without due process, contrary to the amendment to the Constitution of the United States.

4. That the Citizens and Southern Bank be adjudged responsible jointly and severally with its cotrustee for the property of the estate, including the bank deposit which was in the custody of Valz on July 15, 1924, or which came into his possession at any time thereafter.

5 Judgment against Walker for $12,281.71, with interest, judgment against A. Pratt Adams and W. W. Douglas for $14,392.56, with interest, judgment against Citizens and Southern National Bank and Valz for the payments from the bank deposit of $38,974.27, which amount includes the payments to Walker and Adams, Adams & Douglas.

6. Judgment against Valz and Citizens and Southern National Bank, jointly and severally, and requiring them to reimburse the bank deposit fund with all payments which had been made therefrom by either of them, whether under the authority of the Florida or the Georgia decree, or otherwise, and requiring them to transfer and deliver on such terms as the court may prescribe all assets of the estate of Hunt now in the possession of either of them, or for which they are responsible to such administrator, who shall at the time of the entry of the decree herein hold credentials acceptable to the court issued by the appropriate Probate Court of testator's domicile, viz., the Surrogate's Court of the State of New York.

It will be observed that the testator departed this life on the 11th day of December, 1910; that the plaintiff, Nicolson, was appointed administrator on May 22, 1922; that the Florida administrator, Valz, was appointed March 19, 1924; that the decree of the Superior Court of Georgia appointing the trustees was entered on July 15, 1924. The complaint in this cause was filed on the 17th of January, 1940, some thirty years after the death of the testator, and some twenty years after the death of the executor Harris, and about the same time has elapsed from the appointment of the administrator Nicolson to the filing of the complaint.

The appointment of Valz as administrator by the Florida court was in March 1924, some sixteen years before the filing of the complaint in this cause.

It has been well said that, "What everybody knows, the Court knows"—the record discloses that the senior member of the firm of Adams, Adams & Douglas has been dead for a period of years. It was stated by counsel in open court at the hearing on these motions held in Savannah, Georgia, on the 23d day of March, 1943 that the defendant Pratt Adams was an invalid, and the conclusion reached by the court from the statement made by counsel was that his condition was such as would not permit him to appreciate the process of the court. The defendants Valz and Walker were not served with any process in this cause and both of them, as is well known to this court, are dead, and no motion or other proceeding has been taken in this suit to substitute a legal representative as a defendant in their place and stead. This leaves the only surviving defendants in the cause to be the Citizens and Southern National Bank, one of the trustees appointed by a decree of the Superior Court of Georgia, and A. Pratt Adams and W. W. Douglas of the firm of Adams, Adams & Douglas. There could, of course, be no relief granted against Valz, nor against his attorney, Walker, in this cause.

The record further discloses that all of the beneficiaries or legatees under the will of the testator have been settled with; that the ancillary administrator in California has accounted to the trustees through the Florida administrator for funds in his hands; that the Florida administrator in his lifetime accounted to and paid over to the trustees such funds of the estate as remained in his hands; that there are no assets to be administered on in the State of New York; and that the only part of the will which has not been executed is the fourteenth item, which sets up the charitable trust.

The motion of the Citizens and Southern National Bank to dismiss the complaint, and the motion of A. Pratt Adams and W. W. Douglas, surviving copartners of the firm of Adams, Adams & Douglas, and the joint motion of the Citizens and Southern National Bank and Adams and Douglas raise the same question to be decided by the court. One of the first questions to be determined is the power or authority of the plaintiff Nicolson to bring this action. From an examination of the certified copies filed in this cause relative to the proceedings of plaintiff's appointment as administrator by the New York court it appears that the power and duties of John Nicolson as administrator is limited to the administration of unadministered assets located in the State of New York, and to the administration of property located in that State, and to the receipt and possession of the property of said estate of the value of not more than $1,000. As stated before, there are no assets of the estate situated in New York, nor are there any assets at this time, nor at the time of the appointment of Nicolson by the Surrogate's Court. The administration having been limited by the order of the New York court as to place and amount, has such foreign administrator the power to sue in the State of Georgia? It would appear that the plaintiff's case does not fall within the Georgia statute, and certainly a foreign administrator would have no authority to bring suit in another state, unless that right be conferred

by statute. Turner v. Linam, 55 Ga. 253, 254; Buck v. Johnson, 67 Ga. 82.

The Georgia statute permits an executor or administrator of a foreign state, provided there is none appointed in the State of Georgia, to sue in the courts of Georgia, to enforce any right or action or recover any property belonging to his decedent or accruing to his representative. The distinction here is that the funds sought to be recovered in the case at bar would not accrue to the plaintiff as the representative of the Hunt estate. They were all original assets of the testator's estate in Florida and in California, and the administrators appointed by the courts of these states have recognized the decree of the Superior Court of Georgia in appointing a trustee, and have turned the funds of the estate in their hands over to the trustees appointed by the Georgia court. It would therefore appear that the New York administrator is charged with the administration only of the funds of such estate as might be situated in New York and is not charged with the administration of the funds of the estate situated elsewhere. He might receive assets from other jurisdictions as an administrator appointed at the domicile of the testator, but certainly he could not administer on them until he received them. The New York court issued its letters to John Nicolson and Bernard L. Shientag and required a bond in the sum of $1,000, "such letters, however, shall be limited to the receipt and possession of property of the said estate of the value of not more than $1,000.00, and that the receipt of property in excess of said sum to be restrained until the further order of this Court".

This presents a situation in which one administrator without joining his coadministrator as a party plaintiff, is undertaking to bring a suit in a foreign state to recover fees paid to an ancillary administrator in another State, which fees were allowed by an order of the court of that State, and to require the trustee appointed by a decree of the State of Georgia to account to him for funds in their hands paid to said trustee by ancillary administrators, both in Florida and in California.

The complaint distinctly shows that at the time of the granting of these letters of administration in the county and State of New York that the estate had been fully administered in said state.

The motions to dismiss, in their attack upon the complaint, present the question of collateral attack, the bar of the statute, and laches. It cannot be consistently held that the plaintiff in this cause is a stranger to the judgments attacked, and these judgments are entitled, and the United States courts must give full faith and credit to judgments of state courts.

The fourteenth item of the will provides for this memorial (the charitable institution) to be located in the southern part of the State of Georgia. The Superior Court of Chatham County, Georgia, is located in the southern part of that State. Application was made to this court by the Attorney General of Georgia and the Florida administrator for the appointment of a trustee, the purpose of which was to carry out this particular item of the will. The Superior Court of Georgia was the proper forum to proceed in this matter, and its judgment cannot be collaterally attacked in this proceeding, even upon the ground of fraud, as such judgment is entitled to full faith and credit under the Constitution of the United States. Article 4, § 1.

If an attack is to be made upon these judgments it must be a direct attack brought in the forum whose judgment is questioned. I Black on Judgments, Sec. 290, p. 362; Christmas v. Russell, 5 Wall. 290, 18 L.Ed. 475; Broderick's Will, 21 Wall. 503, 22 L.Ed. 599; Simmons v. Saul, 138 U.S. 439 et seq., 11 S.Ct. 369, 34 L.Ed. 1054.

As to the judgment of the Florida court (Probate Court of Duval County, Florida) there was on deposit in one of the banks in Jacksonville, Duval County, a large sum of money deposited by one of the executors of this estate, which was property situated in Duval County and an asset of the estate. Application was made to the court for the appointment of an ancillary administrator. The court entered its judgment appointing Valz as such administrator. It further approved his acts and allowed his fee and this judgment is subject only to a direct attack in that court and not to a collateral attack in this court.

This is unquestionably a collateral attack upon the decree entered by the Superior Court of Georgia appointing the trustees, and upon the judgment of the Florida court appointing the administrator. There were no assets of the estate in the State of New York. What assets remained were located in California and in

Jacksonville, Florida. And it was indeed appropriate for the Attorney General of that State, having knowledge of the fourteenth item of the will, to represent the State as a beneficiary under the will and to take such proceedings as would bring about this decree. It was purely a public trust and necessarily he joined in the petition and his position is sustained by the authorities. 14 Corpus Juris Secundum, Charities, § 58b, p. 524. Gredig v. Sterling, 5 Cir., 47 F.2d 832; Jenkins v. Berry, 119 Ky. 350, 83 S.W. 594; Attorney General v. Clark, 167 Mass. 201, 45 N.E. 183.

As to the order of the court appointing the Florida administrator, there is no reason why the judgments of the Probate Court in Florida are not entitled to the same conclusiveness they have in the State of Florida. When a County Court acts upon the petition and grants letters, the facts alleged and adjudicated upon, and its judgment upon these facts is conclusive except in a direct proceeding to reverse, set aside or annul the judgment or order of the court, and when the record makes an averment with reference to a jurisdictional fact it will be understood to speak the truth on that point, and it will not be presumed that there was no other or different evidence respecting the fact.

The only facts necessary to give the Probate Court jurisdiction in Florida is the death of the intestate and possession at the time of death of any goods, chattels, or lands in any county in this State. Robinson v. Epping Bellas & Co., 24 Fla. 237, 4 So. 812.

A finding that facts essential to jurisdiction exist cannot be collaterally attacked. Emerson v. Ross' Ex'r, 17 Fla. 122; State v. Petteway, 131 Fla. 516, 179 So. 666.

Referring to the attack made by the motion to dismiss the complaint upon the ground of laches, as stated before, a long period of years has elapsed since the death of Mr. Hunt; his executors have passed on. Two of the firm of Adams, Adams & Douglas are out of the picture, one by reason of death, the other by reason of disease. The administrator Valz and his attorney, Walker, are also dead. The plaintiff was appointed administrator in May 1922, more than twenty years ago. He alleges that prior to 1937 he had no reason to suspect fraud and he discovered the fraud alleged while he was in Florida on other matters and incidentally examined the records in the office of the clerk of the court. Certain it is that this plaintiff knew that the estate was being administered in Florida. He was in California during the trial of the California suit in 1927. He knew of the Georgia decree appointing the Citizens and Southern Bank as trustee, and he certainly must have had some knowledge of the actions of both the Georgia and Florida courts, as well as the conduct and actions of the ancillary administrator, as everything that was done had to be in the nature of things spread upon the minutes of those courts. If he did not know, he certainly could, by the exercise of ordinary care, have known and should have known of these alleged frauds and the fact that he resided in a distant state is no reason to excuse him from knowledge of these alleged frauds. Broderick's Will, 21 Wall. 503, 22 L.Ed. 599.

It is the duty of one to exercise at least reasonable diligence in the discovery of fraud. Mere ignorance of fraud is not enough, one must exercise reasonable diligence to discover the fraud.

Independent of the question of laches, the State of Georgia has a statute to the effect, "All actions against executors, administrators, guardians, or trustees, except on their bonds, shall be brought within ten years after the right of action shall have accrued." Code, § 3-709.

It is the contention of plaintiff that the complaint alleges fraud, and, therefore, the State statute of limitation does not apply. It is true that fraud will toll a statute under certain circumstances, but a State statute would not be tolled if the plaintiff could have discovered the fraud by the exercise of ordinary diligence. Fraud which will remove the bar must be moral fraud and there must also be reasonable diligence on the part of the plaintiff to discover the fraud. Mere ignorance of fraud, which by the use of ordinary diligence might have been discovered in due time, does not suspend a statute. Brinsfield v. Robbins, 183 Ga. 258, 188 S.E. 7; Crawford v. Crawford, 134 Ga. 114, 67 S. E. 673, 28 L.R.A.,N.S., 353, 19 Ann.Cas. 932; Morris v. Johnstone, 172 Ga. 598, 158 S.E. 308; Frost v. Arnaud, 144 Ga. 26, 85 S.E. 1028.

It is the contention of the plaintiff that State statute of limitation does

not apply in equity suits. There are a great number of cases decided by the Georgia courts which hold contrary to this contention. I think the rule is well settled that federal courts in equity are not bound by State statutes of limitations, but are ordinarily guided by them in determining their action on stale claims. Benedict v. City of New York, 2 Cir., 247 F. 758.

This court is of the opinion: That the administrator Nicolson as an administrator appointed by the Surrogate's Court of New York, whose letters of administration limit his administration to the confines of New York State, is without power or authority to maintain this suit; that the plaintiff Nicolson as administrator of the State of New York has no territorial rights as the domicile administrator to require ancillary administrators to account to him for any funds received by them as such ancillary administrators; that their only duty is to account to the trustee appointed by the Superior Court of the State of Georgia; that this is a collateral attack upon a judgment entered by a court of competent jurisdiction, viz., the Superior Court of the State of Georgia, and as well a collateral attack upon the judgment of the Probate Court of Duval County, Florida, appointing an ancillary administrator and in allowing his fees, which cannot be done. The only attack would be a direct attack in these courts whose judgments are assailed; that this suit, although an equity suit, is barred by the statute of limitations of the State of Georgia, and that the fraud as alleged in the complaint does not toll the statute; that the plaintiff is guilty of laches.

An order will be entered sustaining the motions to dismiss the complaint and dismissing the same.